# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Joseph Featherkile,
    Petitioner,

vs.                                   Case No. 1:04cv9
                                         (Dlott, J.; Black, M.J.)

Wanza Jackson,
    Respondent.

## REPORT AND RECOMMENDATION

      This habeas corpus action brought *pro se* under 28 U.S.C. § 2254 is before the Court on petitioner's motion to voluntarily dismiss his petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 34). Respondent has opposed the motion in part, to which petitioner has filed a reply. (Docs. 35, 36).

      In his petition, petitioner challenges his state confinement based on his December 1999 convictions in the Common Pleas Court of Hamilton County, Ohio, on various sexual offense charges contained in two separate indictments (Case Nos. B-9905996 and B-9907787). (*See* Doc. 1; Doc. 10, Exs. 1-2). With the assistance of counsel, petitioner pursued a direct appeal to the Ohio Court of Appeals, First Appellate District, which consolidated the two criminal cases and affirmed the judgments of convictions and the sentences on October 25, 2000. (Doc. 10, Ex. 4). Apparently, petitioner did not pursue a further appeal to the Supreme Court of Ohio. (*Id.,* Brief, p. 2; Doc. 13).

On February 15, 2002, over a year after the Ohio Court of Appeals issued its decision on direct appeal, petitioner filed an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) with the assistance of counsel from the Ohio Public Defender's Office. (Doc. 13; *see also* Doc. 1, p. 5; Doc. 10, Ex. 5). On August 12, 2002, the Ohio Court of Appeals denied the application as untimely-filed. (Doc. 10, Ex. 6). Petitioner sought leave to appeal to the Supreme Court of Ohio, which dismissed the appeal on December 18, 2002 "as not involving any substantial constitutional question." (*Id.,* Ex. 11).

Petitioner initiated the instant federal habeas corpus action in December 2003, alleging the following two grounds for relief:

> **Ground One:** [With respect to petitioner's application to reopen his appeal, t]he failure of Appellate counsel to cooperate with *Murnahan* counsel [from the Ohio Public Defender's Office] is good c[au]se for delay under App. R. 26(B) even if Appellate counsel never cooperates.
>
> **Ground Two:** Appellate counsel was ineffective for failing to challenge the maximum sentences and also because the court converted the sentencing hearing to a [sexual] predator hearing without prior notice.

(Doc. 1, p. 5).

On June 4, 2004, respondent filed a motion to dismiss the petition on the ground that it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 10). On February 2, 2005, the undersigned issued a Report and Recommendation to grant the motion in part and to deny the motion in part; specifically, the recommendation was that Ground Two of the petition be dismissed with prejudice as time-barred, with only Ground One remaining for adjudication. (Doc. 15).[1] As ordered by the Court, respondent filed a return of writ responding to the allegations contained in the remaining ground for relief on March 4, 2005. (*See* Docs. 16, 21).

---

[1]To date, the Report and Recommendation has not been adopted as an Order by the United States District Judge, who has granted numerous motions for extensions of time in which to file objections. (*See* Docs. 18, 20, 25, 27-33).

Thereafter, petitioner filed a "Motion to Stay this Case and Hold it in Abeyance so that Petitioner may Exhaust a State Court Remedy," which was opposed by respondent. (Docs. 23, 24). Although petitioner averred that he was not seeking "to amend the petition so that he can raise a new federal claim" challenging his sentence, he contended the petition should be stayed while he pursues a state law remedy to "obtain the same relief he seeks from this Court–a new sentencing hearing." (Doc. 26).

Petitioner's motion for stay was denied on June 24, 2005. (Doc. 27). In so ruling, the Court reasoned in pertinent part:

> In this case, as petitioner concedes, the petition does not contain any unexhausted claims that petitioner arguably should present to the state courts in the first instance. Moreover, contrary to petitioner's contention, the only remedy available to petitioner on the ineffective assistance of appellate counsel claims alleged in the petition is a reopened direct appeal, not a new sentencing hearing.
>
> . . . .Although petitioner would like to assert a new claim in the state courts challenging on state-law grounds the same sentence giving rise to his federal habeas claims, the concerns underlying the exhaustion doctrine are not implicated by allowing this case to proceed on the separate exhausted claims that have been alleged as the sole grounds for relief in the petition. Because the claim petitioner seeks to exhaust is not before this Court for consideration, the resolution of the state-law sentencing issue by the state courts will not trigger federal-state comity concerns or create needless friction between the state and federal courts.

(*Id.,* p. 3).

In the motion now pending before the Court, petitioner requests that the petition be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) because in the state proceedings he recently initiated, he was able to successfully challenge his sentence and has been resentenced in Case No. B-9907787, and the "only remaining claim (appellate counsel was ineffective for failing to challenge his predator designation) cannot stand on its own." (Doc. 34, pp. 1-2). Respondent does not oppose petitioner's request to dismiss any claims stemming from his

convictions in Case No. B-9907787, as he "may have unexhausted claims pending" in the state courts that relate to those convictions.[2] (Doc. 35, p. 2). However, respondent does oppose petitioner's motion to the extent petitioner seeks a dismissal without prejudice of claims relating to the convictions and sentences obtained in Case No. B-9905996. (*Id.*). Respondent argues:

> Those convictions [in Case No. B-9905996] were not the subject of [petitioner's state] resentencing motion, he was not resentenced for those convictions and there are no pending unexhausted claims relating to those convictions. Those convictions were final in 2000, and the . . . statute of limitations expired as to those convictions in 2001. . . . Therefore, they should either be dismissed with prejudice, or this case should proceed as to those convictions only.

(*Id.*).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides: "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Fed. R. Civ. P. 41(a)(2) provides that the Court may dismiss an action "at the plaintiff's instance" upon "such terms and conditions as the court deems proper." Unless otherwise specified in the dismissal order, a dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice.

This undersigned has serious concerns about dismissing the petition without prejudice at this juncture in the proceedings. First, the undersigned has already issued a Report and Recommendation recommending the dismissal with prejudice of petitioner's ineffective assistance of appellate counsel claims alleged in Ground Two of the petition, which are purportedly based on the underlying claims of error in sentencing and in petitioner's designation as a sexual predator that petitioner now asserts should be dismissed without prejudice. That leaves only petitioner's claim alleged in Ground One that his appellate counsel's ineffectiveness in failing to

---

[2] Apparently, petitioner was resentenced in Case No. B-9907787 on September 27, 2005 in accordance with sentencing amendments enacted in 1996 by state Senate Bill 2. (Doc. 34, Ex. 1; Doc. 35, pp. 1-2). Both parties have indicated that petitioner is now in the process of appealing his new sentence in that case. (Doc. 34, p. 4; Doc. 35, p. 2).

cooperate with the Ohio Public Defender's Office constituted "good cause" for his untimely filing of his application to reopen his appeal. This remaining ground for relief, however, is not based on and does not otherwise relate to any claims stemming from petitioner's underlying convictions or sentences.

Second, in denying petitioner's motion for stay while he exhausted the state remedy that resulted in his resentencing in Case No. B-9907787, the Court expressly pointed out that the instant petition does not contain any unexhausted claims; the sentencing issue that petitioner was raising in the state courts is not before this Court for consideration; and contrary to petitioner's contention that he is seeking a "new sentencing hearing" as relief from this Court, "the only remedy available to petitioner on the ineffective assistance of appellate counsel claims alleged in the petition is a reopened direct appeal." (Doc. 27, p. 3).

Nevertheless, because respondent has not opposed petitioner's motion to voluntarily dismiss without prejudice any claims stemming from his criminal convictions in Case No. B-9907787, the undersigned RECOMMENDS that petitioner's motion to voluntarily dismiss his petition (Doc. 34) be GRANTED to the extent that any claims stemming from his criminal convictions and sentence in Case No. B-9907787 may be DISMISSED without prejudice. However, in so recommending, it is noted that for the reasons given in the Report and Recommendation issued February 2, 2005 (*see* Doc. 15), any subsequent federal habeas corpus petition filed by petitioner challenging his convictions in Case No. B-9907787 based on errors occurring in the original trial and appeal proceedings remains subject to dismissal with prejudice on statute of limitations grounds.

In light of this Court's concerns discussed above, *see supra* pp. 4-5, as well as respondent's opposition to the dismissal without prejudice of any claims relating to petitioner's criminal convictions in Case No. B-9905996, the undersigned FURTHER RECOMMENDS that petitioner's motion to voluntarily dismiss any claims stemming from the convictions in Case No. B-9905996 be GRANTED only to the extent such claims should be DISMISSED with prejudice.

With respect to the undersigned's recommendation to dismiss with prejudice any claims relating to petitioner's criminal conviction in Case No. B-9905996, (1) this Report and Recommendation constitutes notice to petitioner of the Court's intention to dismiss such claims with prejudice; (2) petitioner has been provided an opportunity to file objections to the Report and Recommendation and thus to be

5

heard in opposition to the recommendation to dismiss the claims with prejudice; and (3) petitioner is hereby NOTIFIED that he may withdraw his request for voluntary dismissal and proceed with the litigation of such claims. *See United States v. One Tract of Real Property,* 95 F.3d 422, 425-26 (6th Cir. 1996); *Jones v. Lemke,* 178 F.3d 1294 (table), No. 97-2350, 1999 WL 107984, at **1-2 (6th Cir. Feb. 9, 1999) (unpublished). If petitioner intends to withdraw his request for voluntary dismissal of claims to be dismissed with prejudice, he must do so within fifteen (15) days of the date of filing of this Report and Recommendation. Petitioner is cautioned that if he chooses to proceed with the litigation of any such claim, the Report and Recommendation to dismiss Ground Two of the petition remains in effect. (*See* Doc. 15).

### IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion for voluntary dismissal of the petition (Doc. 34) be GRANTED to the extent that any claims stemming from petitioner's convictions in Case No. B-9907787 are subject to dismissal without prejudice whereas any claims stemming from petitioner's convictions in Case No. B-9905996 are subject to dismissal with prejudice.

Date:  12/30/05                             s/Timothy S. Black
       cbc                                  Timothy S. Black
                                            United States Magistrate Judge

K:\BRYANCC\2005 habeas orders\04-9vol-dism.grant.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Joseph Featherkile,
    Petitioner,

               Case No. 1:04cv9
   v.              (Dlott, J.; Black, M.J.)

Wanza Jackson,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).